UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WALTER JEFFERSON, B31401, )
        Petitioner, )
)
v. ) No. 14 C 1515
)
STEPHEN DUNCAN, Warden, )
Lawrence Correctional Center,[1] )
) Judge Rebecca R. Pallmeyer
        Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner Walter Jefferson is serving a 60-year sentence for first-degree murder and armed robbery after pleading guilty on February 28, 1992. On February 26, 2014, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on three grounds: (1) the confession he signed was the product of coercion, as Petitioner was held in custody for more than 48 hours and was subjected to sleep deprivation; (2) Petitioner's trial counsel was ineffective in (a) threatening and intimidating Petitioner to force him to plead guilty, (b) failing to notify Petitioner of the three-year mandatory supervised relief portion of his sentence, and (c) failing to present mitigating evidence during sentencing; and (3) the trial court improperly rejected Petitioner's request that new counsel be appointed. Respondent Stephen Duncan, the Warden of Lawrence Correctional Center where Petitioner is being held, moves to dismiss Jefferson's petition as untimely. As explained below, the court agrees that the petition is untimely. Respondent's motion to dismiss the petition [6] is granted, and the court declines to grant a certificate of appealability.

---

[1] During the pendency of this case, Stephen Duncan replaced Marc Hodge as Petitioner's custodian at the Lawrence Correctional Center. Duncan has been substituted as the proper Respondent. *See* FED. R. CIV. P. 25(d)(1).

1

**BACKGROUND AND PROCEDURAL HISTORY**

I. **Conviction and Direct Appeal**

On habeas review, federal courts presume the factual findings made by state courts are correct. *See* 28 U.S.C. § 2254(e)(1); *Coleman v. Hardy,* 690 F.3d 811, 815 (7th Cir. 2012). This presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The following facts are drawn from the Illinois Appellate Court's decision affirming the dismissal of Mr. Jefferson's petition for post-conviction relief. (*People v. Jefferson*, No. 1-11-2453, 2013 WL 598116 (Ill. App. Ct. Feb. 15, 2013), Ex. A to Mot. to Dismiss [6-1].) On February 28, 1992, Petitioner pleaded guilty to first degree murder and armed robbery in the Circuit Court of Cook County. (*Id.* ¶ 3.) Judge Michael P. Toomin sentenced Petitioner to sixty years in prison for murder and thirty years for armed robbery, to be served concurrently. (*Id.*) Petitioner later moved to withdraw his guilty plea, asserting that the plea was involuntary.[2] (*Id.* ¶ 4.) The Circuit Court denied Petitioner's motion and the Illinois Appellate Court affirmed Petitioner's convictions and sentence on direct appeal, rejecting challenges to the voluntariness of the plea. (*Id.*) The Illinois Supreme Court denied Jefferson's petition for leave to appeal ("PLA") on December 1, 1993. *People v. Jefferson*, 153 Ill. 2d 565, 624 N.E.2d 812 (Ill. 1993) (Table). Petitioner did not seek a writ of certiorari from the United States Supreme Court following the denial of his PLA. (Respondent's Mot. to Dismiss Pet. for a Writ of Habeas Corpus as Untimely [6], hereinafter "Mot. to Dismiss," 2.)

II. **Post-Conviction Proceedings**

Nearly six years later, on July 23, 2009, Petitioner filed a *pro se* post-conviction petition in the Circuit Court of Cook County, alleging that he had recently learned from a prison law clerk that he would be required to serve a three-year mandatory supervised release ("MSR") period

---

[2] The record does not reveal the basis for Petitioner's assertion that his plea was involuntary.

2

following his sentence. (*People v. Jefferson*, No. 1-11-2453, 2013 WL 598116 (Ill. App. Ct. 1st Dist. Feb. 15, 2013), Ex. A to Mot. to Dismiss ¶ 5.) Petitioner's only argument in his post-conviction petition was that the state court violated his due process rights when it failed to notify him of the MSR at the time of his plea hearing. (*Id.*) The Circuit Court denied the petition, reasoning that although *People v. Whitfield*, 217 Ill.2d 177, 840 N.E.2d 658 (Ill. 2005) requires modifying a defendant's sentence if he or she was not advised of the MSR before entering a plea, that rule is not retroactive. (*People v. Jefferson*, No. 1-11-2453, 2013 WL 598116 (Ill. App. Ct. Feb. 15, 2013), Ex. A to Mot. to Dismiss ¶¶ 5–6) (citing *People v. Morris*, 236 Ill. 2d 345, 925 N.E.2d 1069 (2010).) Petitioner's plea was entered in 1993, well before *Whitfield* was decided in 2005, and the Circuit Court concluded that Petitioner had not presented a substantial showing of a constitutional violation. (*Id.* at ¶ 6.) Petitioner appealed, but on February 15, 2013, the Illinois Appellate Court affirmed, relying on the same reasoning as the Circuit Court. (*Id.* at ¶ 12.) Petitioner did not file a PLA with the Illinois Supreme Court. (Mot. to Dismiss ¶ 4.) Instead, Petitioner sought a writ of certiorari to the United States Supreme Court, which the Court denied on November 18, 2013. *Jefferson v. Illinois*, No. 13-6337, 134 S. Ct. 674 (2013).

### III. Federal Habeas Petition

On February 26, 2014,[3] Petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet. for Writ of Habeas Corpus [1], hereinafter "Pet.") Petitioner presents three grounds for relief: (1) the confession he signed was coerced (Pet. at 5); (2) his trial counsel was ineffective because counsel threatened and intimidated him, failed to notify him of the mandatory supervised relief portion of his sentence, and failed to present mitigating

---

[3] Respondent asserts that Petitioner filed his Petition on March 3, 2014, (Mot. to Dismiss ¶ 5), the date this court received the Petition. (Petition [1] at 1) (stamped "Received March 3, 2014.") A prisoner's *pro se* habeas petition, however, is considered filed at the moment he delivers it to a prison official for mailing to the court. *Ray v. Clements,* 700 F.3d 993, 1002 (7th Cir. 2012) (citing *Houston v. Lack,* 487 U.S. 266, 275–276 (1988)). Petitioner included a "Notice of Filing" with his Petition, certifying that he had mailed the Petition on February 26, 2014. (Notice of Filing [1-1].) The court, therefore, considers the Petition filed as of February 26, 2014.

3

evidence at sentencing (*id.*); and (3) the trial court denied Petitioner's right to counsel by denying his request for appointment of a new attorneyl.   (*Id.* at 6.)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs the standards for federal habeas relief from a state-court conviction and sentence. 28 U.S.C. § 2254. Respondent argues that Petitioner's claims are barred by the statute of limitations. (Mot. to Dismiss at 4–5.)

**I.   Timeliness**

Under AEDPA, a state prisoner ordinarily has one year to file a federal habeas petition, starting from the date on which the state criminal judgment became final, either by the conclusion of direct review, or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1).  There are three circumstances under which courts may use a later start date for the one-year clock: (1) where the state creates an unconstitutional impediment to the filing of a petition; (2) where the Supreme Court recognizes a new, retroactive constitutional right; and (3) where newly discovered evidence forms the factual predicate of a claim. 28 U.S.C. § 2244(d)(1)(B)–(D). Additionally, that one-year clock stops running while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).

    **A.**     **The Petition is untimely under § 2244(d)(1)(A)**

Petitioner's conviction became final on March 2, 1994, ninety days after the Illinois Supreme Court denied review, *People v. Jefferson,* 624 N.E.2d 812 (Ill. 1993) (Table), when the time to file a petition for writ of certiorari in the United States Supreme Court expired.  *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (judgment becomes final under § 2244(d)(1)(A) when time to file certiorari petition in the United States Supreme Court or the state's highest court expires); SUP. CT. R. 13.1 (*certiorari* petition must be filed within ninety days of judgment). Petitioner's judgment became final prior to AEDPA's effective date, April 23, 1996. "Where . . .

4

the petitioner's state court conviction became final prior to the statute's effective date . . . the one-year limitations period begins April 24, 1996." *Johnson v. McCaughtry*, 265 F.3d 559, 562 (7th Cir. 2001) (citing *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000)). Petitioner, therefore, had until April 24, 1997 to file a timely federal habeas petition. Petitioner's March 3, 2014 petition was filed long after this deadline had passed.

Petitioner's post-conviction petition in state court cannot save his federal petition. Although the federal limitations period is tolled when a properly-filed application for state-court review is pending, 28 U.S.C. § 2244(d)(2), that section excludes time only if the state-court petition is filed before the federal clock expires. *DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Petitioner's one-year period expired April 24, 1997, well before Petitioner filed his state-court post-conviction petition in July 2009.

### B. Petitioner is not entitled to a later start date based on a new factual predicate under § 2244(d)(1)(D)

Petitioner has not specifically alleged he is entitled to a later start date for the federal one-year period, but "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Petitioner asserts, as part of his ineffective assistance of counsel claim, that "[t]rial counsel did not tell [Petitioner] that (3 yrs) MSR would be added to sentence" and that the "trial judge never stated nothing about (3) year MSR being added to the 60 year sentence." (Jefferson Pet. [1] at 5, 10.) The court construes these assertions as a claim that Petitioner is entitled to a later start date under § 2244(d)(1)(d) based on his discovery of the fact that he faced a three-year MSR period.

Plaintiff's discovery of the MSR does not entitle him to use a later start date under 28 U.S.C. § 2244(d)(1)(D). Under § 2244(d)(1)(D), the federal clock begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Thus, though the date Petitioner subjectively discovered the addition of the MSR may start the limitations clock, "the

clock also starts at the time a reasonable person would have discovered those facts." *See Villanueva v. Anglin,* 719 F.3d 769, 774 (7th Cir. 2013) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). The question for this court is not whether Petitioner actually knew of the MSR, but whether "he *could* have known had he exercised due diligence." *Id.* at 775 (emphasis in original). At the time of Petitioner's sentencing, Illinois statute imposed a period of MSR on defendants sentenced on or after February 1, 1978. 730 ILCS 5/3–3–3(c); *see People v. Henderson,* 361 Ill. App. 3d 1055, 1055–56, 838 N.E.2d 978, 979 (4th Dist. 2005) ("As part of Public Act 80–1099 (Pub. Act 80–1099, eff. February 1, 1978) . . . mandatory supervised release (MSR) was created").

Assuming Petitioner was indeed not informed of the MSR by either the trial judge or his counsel before he entered his plea in 1992, there is nothing in the record indicating that Jefferson exercised due diligence to discover the truth about this aspect of his sentence in the subsequent 17 years. Rather, Petitioner asserts he learned of the MSR from a prison law clerk shortly before July 23, 2009 when he filed his post-conviction petition. (*People v. Jefferson*, No. 1-11-2453, 2013 WL 598116 (Ill. App. Ct. 1st Dist. Feb. 15, 2013), Ex. A to Mot. to Dismiss ¶ 5.) In light of the statute, Petitioner cannot establish a new factual predicate that he was unable to discover. *See Poole v. Gaetz,* No. 12-cv-3688, 2013 WL 1679389, at *3 (N.D. Ill. Apr. 16, 2013) ("the MSR statute was on the books at the time of [Petitioner]'s sentencing. This means [Petitioner] has failed to point to a factual predicate he could not have previously discovered through the exercise of due diligence . . . .") (internal quotes omitted); *Hendrix v. Nicholson*, No. 13-cv-0493, 2013 WL 1499040, at *3 (N.D. Ill. Apr. 11, 2013) (noting that although "the Circuit Court failed to admonish [Petitioner] that he would serve a two-year term of MSR . . . terms of MSR are always part of a sentence by operation of Illinois law . . . and therefore, [Petitioner] is charged with full knowledge of it."); *West v. Chandler,* No. 11-cv-05952, 2013 WL 657664, at *3 (N.D. Ill. Feb. 22, 2013) ("The then-current version of the Illinois statute imposing MSR indeed contemplated the omission of the term from sentencing orders . . . [Petitioner's subjective

6

knowledge] is not a new factual development for purposes of § 2244(d)(1)(D); the MSR statute was on the books at the time of Petitioner's sentencing.").

      C.      **Petitioner is not entitled to equitable tolling**

The court may still consider the merits of Jefferson's petition if it deems the Petition timely under the doctrine of equitable tolling. Such tolling is rare, however; the Seventh Circuit has yet to identify a factual circumstance so extraordinary that it warrants equitable tolling. *Broyles v. Roeckeman*, No. 12-cv-7702, 2013 WL 1729428, *3 (N.D.Ill. Apr. 22, 2013) (citing *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008)). The Seventh Circuit has even declined to apply tolling where a petition was filed one day late and petitioner's attorney's father had died days before the deadline. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *see also Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003) (declining to apply equitable tolling where petition was filed one day late due to counsel's mental and physical incapacity). District courts will recognize equitable tolling of the statute of limitations only where, despite reasonable diligence, petitioners were unable to obtain vital information regarding their claims because of exceptional circumstances outside their control. *See, e.g.*, *Golden v. Oliver*, 264 F. Supp. 2d 701, 702–04 (N.D. Ill. 2003); *United States ex rel. Vidaurri v. Hardy*, No. 08-cv-3655, 2012 WL 1068735, at *11—13 (N.D. Ill. Mar. 29, 2012). Petitioner has identified no exceptional circumstances outside of his control that justify the delay in filing: Petitioner urges that he is not a lawyer and that he was not aware of his right to file a federal habeas petition, but asserts no other explanation for his delayed filing. (Resp. [11] at 2.) Petitioner is, therefore, not entitled to equitable tolling.

Finally, a court may consider the merits of a habeas petition after the statute of limitations has run where the petitioner makes a "credible showing of actual innocence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). In the last sentence of his response, Petitioner does suggest he is actually innocent, asserting that his willingness to take a lie detector test shortly after he was arrested—the results of which were inconclusive—is an

indication of innocence. (Petitioner's Resp. [11], 3) ("I took a polygraph test willingly and although the results were inconclusive, what guilty uneducated defendant would do this if he was not innocent?") The standard for actual innocence "is demanding" (*McQuiggin*, 133 S. Ct. at 1936), and Petitioner's willingness to take a lie detector test—which was inconclusive—is simply not persuasive evidence of innocence. The evidence Jefferson points to does not persuade this court that "no juror, acting reasonably, would have voted to find [Petitioner] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Nor is there anything new about the lie detector evidence; Petitioner could have gone to trial and asked a jury to draw the favorable inference he now urges. The circumstances do not warrant excusing Petitioner's untimely filing.

## II. Petitioner's MSR claim fails on the merits

The court need not reach the merits of Petitioner's MSR claim, but pauses briefly to note that, even if this argument had been asserted in a timely manner,[4] it would not entitle Jefferson to habeas relief. Under the AEDPA, this court may grant relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). The Seventh Circuit has squarely rejected habeas relief based on a state court's failure to apprise a

---

[4] Even if Petitioner's discovery of the MSR period were understood as a factual predicate under § 2244(d)(1)(D), his remaining claims are still untimely. Though the Seventh Circuit has not directly decided whether § 2244(d)(1)(A) establishes a single statute of limitations that applies to the petition as a whole, or whether each claim must be evaluated for timeliness on a claim-by-claim basis, every other Circuit to address the issue has held that § 2244(d)(1) applies on a claim-by-claim basis. *See Zack v. Tucker*, 704 F.3d 917 (11th Cir. 2013); *Prendergast v. Clements*, 699 F.3d 1182 (10th Cir. 2012); *Mardesich v. Cate*, 668 F.3d 1164 (9th Cir. 2012); *Backman v. Bagley*, 487 F.3d 979 (6th Cir. 2007); *Fielder v. Varner*, 379 F.3d 113, 118 (3rd Cir. 2004). There is no reason to believe that the Seventh Circuit would resolve the question differently. *See also Steele v. Lemke*, No. 12-c-8308, 2014 WL 148742, at *3 (Jan. 14, 2014) (deciding timeliness on a claim by claim basis); *United States ex rel. Ramos v. Trancoso*, No. 09-cv-4258, 2010 WL 3025013, at *3 (N.D. Ill. Aug. 2, 2010) (same). Petitioners remaining claims are plainly time-barred under § 2244(d)(1)(A) and the court, therefore, addresses only the merits of the MSR claim.

defendant of a mandatory supervised release period.[5] *See Lockhart v. Chandler*, 446 F.3d 721, 723 (2006) (denying writ where state court failed "to notify [petitioner] before he pleaded guilty that a mandatory three-year term of supervised release would be appended to his sentence"). In *Lockhart,* the Seventh Circuit acknowledged that its own case law and Illinois Supreme Court precedent supported the petitioner's allegation of a due process violation, but explained:

> There is no [United States] Supreme Court precedent for the proposition that a defendant must be advised of a term of MSR at the time he attempts to enter a plea of guilty. Quite the contrary, the Court has expressly declined to decide such an issue in the very similar context of parole. . . . Therefore, Lockhart faces an impossible hurdle in showing the state court contradicted, or unreasonably applied, clearly established federal law as determined by the Supreme Court because the Court has expressly declined to decide the issue.

*Lockhart,* 446 F.3d at 724 (citations omitted). Petitioner has not identified any intervening precedent establishing a right to be advised of an MSR period and the court has found none. *Lockhart*, therefore, forecloses Petitioner's due process argument.

### III. Certificate of Appealability

The court declines to issue a certificate of appealability. A certificate may issue only if the prisoner has at least one substantial constitutional question for appeal. 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, a petitioner seeking a certificate "must show both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v.*

---

[5] Prior to enactment of AEDPA, Petitioner's claim might have had greater traction. *See United States ex rel. Miller v. McGinnis*, 774 F.2d 819, 823 (7th Cir. 1985) (granting writ where "the trial court failed to inform Miller of the three year MSR term"); *United States ex rel. Baker v. Finkbeiner*, 551 F.2d 180, 182 (7th Cir. 1977) (finding that a guilty plea exchanged for promise of a specific sentence was invalid where defendant was not informed of mandatory two-year parole term at the time of his plea). But the AEDPA's requirement that the violation of a habeas petitioner's constitutional rights be "contrary to clearly established . . . Federal law *as determined by the Supreme Court of the United States,*" 28 U.S.C. §2254(d)(1) (emphasis added), limits the remedies available to Petitioner. *See Villanueva v. Anglin*, 719 F.3d 769, 779 (7th Cir. 2013) (recognizing that "failure-to-admonish claims might fail since Congress passed AEDPA and our holding in *Lockhart*.").

9

*Thaler*, 132 S. Ct. 641, 648 (2012) (internal quotations omitted). A certificate of appealability would be inappropriate here because reasonable jurists would not the time bar debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case . . . no appeal would be warranted.").

## **CONCLUSION**

Petitioner's federal habeas petition is untimely. The court grants Respondent's motion to dismiss [6] the petition and declines to grant a certificate of appealability.

ENTER:

Dated: January 16, 2015

_____
REBECCA R. PALLMEYER
United States District Judge